UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KHAI BUI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:19-cv-1402 (LO/TCB) |
| ALEX PILIGAN, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on *pro se* Plaintiff Khai Bui's third Motion for Default Judgment (Dkt. 25). For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that the Court (1) dismiss this matter without prejudice; and (2) deny Plaintiff's instant motion for default judgment as moot.

I. B<small>ACKGROUND</small>

Plaintiff filed this lawsuit against Defendant Alex Piligan ("Defendant") on November 4, 2019. (Dkt. 1.) After Defendant failed to appear in this matter or respond in any way, the Clerk entered Defendant's default (Dkt. 12) and Plaintiff filed his first motion for default judgment and "corrected" motion for default judgment (Dkts. 13, 15). The undersigned entered an order denying Plaintiff's first motion for default judgment, finding that Plaintiff did not properly serve Defendant because he failed to abide by Virginia law and Federal Rule of Civil Procedure 4. (Dkt. 16.) Accordingly, the Court could not grant default judgment. (*See id.*)

Thereafter, Plaintiff filed a motion to extend the time in which to serve Defendant (Dkt. 18) and a second, "renewed" motion for default judgment (Dkt. 21). Finding that Plaintiff had

1

not remedied the insufficient service (and that he had just refiled the same documentation), the undersigned entered an order (1) granting Plaintiff's motion to extend the time in which to serve Defendant, giving him thirty (30) additional days; and (2) denying Plaintiff's renewed motion for default judgment. (Dkt. 24.) Plaintiff has since filed a third motion for default judgment. (Dkt. 25). Additionally, an unexecuted summons was docketed on February 19, 2020. (Dkt. 28.) The summons was returned unexecuted because the "current resident stated that [the] listed [defendant did] not reside at [the] listed address." (*Id.* at 2.)

Upon further review of Plaintiff's filings in this matter, the undersigned issues this Report and Recommendation to address fundamental deficiencies in the Court's subject-matter jurisdiction.

II. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Whether a federal court has subject-matter jurisdiction is such a fundamental question that it "may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Under 28 U.S.C. § 1332(a)(1), a federal court has subject-matter jurisdiction when a dispute involves citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) (2018). Federal diversity jurisdiction requires complete diversity between the parties, meaning that "a plaintiff cannot be a citizen of the same state as any defendant." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The Court must determine that the parties were completely diverse at the time the plaintiff filed the lawsuit. *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019) ("In determining the existence of federal diversity jurisdiction, the court applies a 'time-of-filing rule' that

measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." (internal quotations and citation omitted)).

Here, Plaintiff's Complaint states that he lives in Fairfax, Virginia. (Dkt. 1.) The Complaint also states that Defendant resided in Georgia in July of 2017, when the car accident giving rise to this lawsuit occurred. (*Id.*) Specifically, Plaintiff alleges that in 2017, Defendant had a Georgia driver's license and that his address was in Brookhaven, Georgia. (*Id.*) The Complaint therefore states that "diversity of citizenship exist[ed] at the time of the auto accident." (*Id.*) However, Plaintiff's proposed summons—which Plaintiff filed on the same day as his Complaint—states that Defendant's address is in Dunn Loring, Virginia. (*See* Dkt. 5.)

In applying the "time-of-filing" rule, it is irrelevant here whether there was complete diversity between Plaintiff and Defendant in 2017, when the events giving rise to this lawsuit occurred. Rather, the parties must have been completely diverse on November 11, 2019, when Plaintiff filed the lawsuit. (*See* Dkts. 1-5.) Upon review of Plaintiff's filings, it seems that at the time of the filing of the lawsuit, Defendant lived in Virginia, not Georgia. (*See* Dkt. 5.) If Defendant moved from Georgia to Virginia and established domicile here by November of 2019,[1] the Court cannot exercise diversity subject-matter jurisdiction over this lawsuit because the parties were not completely diverse at the appropriate time.

---

[1] Based on Plaintiff's filings, the undersigned cannot determine with certainty whether Defendant is in fact domiciled in Virginia or Georgia. Accordingly, the undersigned recommends dismissing this matter without prejudice in the event Plaintiff chooses to refile the lawsuit alleging with specificity that the parties are completely diverse.

### III. Recommendation

Upon review of Plaintiff's filings in this matter, and for the reasons outlined above, the undersigned recommends that the Court (1) dismiss this matter without prejudice; and (2) deny Plaintiff's third motion for default judgment (Dkt. 25) as moot.

### IV. Notice

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 21, 2020
Alexandria, Virginia