IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| KHAI BUI, | ) |
| :--- | :--- |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 1:19-cv-1402 |
| ALEX PILIGAN, | ) Hon. Liam O'Grady |
|  | ) Hon. Theresa C. Buchanan |
| *Defendant.* | ) |

## ORDER

Before the Court is Magistrate Judge Buchanan's Report and Recommendation ("R&R") regarding the above-captioned matter. Dkt. 30. Judge Buchanan recommends that the Court (1) dismiss this matter without prejudice; and (2) deny Plaintiff's third motion for default judgment (Dkt. 25) as moot. Plaintiff Khai Bui, *pro se*, timely filed a "Motion Relief and Objection" on February 24, 2020. Dkt. 32.

### I. Background

Plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55 on three occasions in this case: January 21, 2020 (Dkt. 13, corrected at Dkt. 15); February 7, 2020 (Dkt. 21); and again on February 7, 2020, which was entered February 11 (Dkt. 25). Judge Buchanan denied the first two motions for failure to properly serve Defendant because he failed to abide by Virginia law and Federal Rule of Civil Procedure 4. Dkt. 16. The second denial granted Plaintiff an additional thirty days to serve Defendant. Dkt. 24. Rather than cure the existing deficiency in service, Plaintiff maintained that service was proper and immediately filed the third motion for default judgment. Upon review of the record, the Court questioned its

jurisdiction over the matter, and the R&R addresses "fundamental deficiencies in the Court's subject-matter jurisdiction." Dkt. 30 at 2.

## II. Standard of Review

The Court reviews objections to a Magistrate Judge's rulings pursuant to Rule 72 of the Federal Rules of Civil Procedure. In resolving objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## III. Discussion

"Subject-matter limitations on federal jurisdiction ... keep the federal courts within the bounds the Constitution and Congress have prescribed," and it "must be policed by the courts on their own initiative." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Here, Plaintiff claims diversity jurisdiction under 28 U.S.C. § 1332, which requires both complete diversity and an amount in controversy in excess of $75,000.00 exclusive of interest and costs. *Id.* at § 1332(a)1). As explained in the underlying R&R, complete diversity must exist at the time the plaintiff filed the lawsuit. *See also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought ... [t]his time-of-filing rule is hornbook law (quite literally) ...") (internal quotation and citation omitted).

While the record—as it stood at the time of the R&R—indicated a lack of complete diversity at the time of filing, Plaintiff's Objection removes any doubt that it is true. The traffic accident at the core of this lawsuit occurred in 2017, at which time Plaintiff alleges Defendant had a Georgia driver's license. "[D]efendant became nondiverse," Plaintiff states, "after the car accident." Dkt. 32 at 2. Plaintiff goes on to confirm, "Defendant obtained VA driver license on

2

January 8, 2019," and the record does not indicate a change since then. *Id.* at 3. Thus, Defendant was no longer domiciled in Georgia at the time the suit was filed on November 4, 2019, and the Court has no jurisdiction over this matter under 28 U.S.C. § 1332.

Ultimately, upon *de novo* review, and finding the underlying R&R is not contrary to law, the Court lacks jurisdiction over the instant matter and the suit must be dismissed. While Judge Buchanan's R&R recommends that the suit be dismissed without prejudice, the Court does not believe any amendment will cure the deficiency. As the R&R notes, there is a "fundamental deficienc[y] in the Court's subject-matter jurisdiction," and it cannot be cured absent a different assertion of jurisdiction. Nevertheless, Plaintiff is not barred from other locations, if filing is proper, to seek relief.

### IV. Conclusion

Accordingly, the Court hereby **APPROVES** and **ADOPTS** Judge Buchanan's R&R (Dkt. 30) with the above-mentioned modification, and Plaintiff's Objection (Dkt. 32) to that R&R is hereby **DENIED**. Plaintiff's pending Motion for Default Judgment (Dkt. 25) is thus **DENIED** as moot. For the reasons stated herein, the case is **DISMISSED**. This dismissal does not bar Plaintiff's filing in a proper location.

The clerk is **DIRECTED** to send a copy of this order to the *pro se* Plaintiff.

It is **SO ORDERED.**

February __, 2020  
Alexandria, Virginia

Liam O'Grady  
United States District Judge